UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREL STANDBERRY,

        Plaintiff,                        Civil Case No. 13-14272
                                              Honorable Linda V. Parker

v.

STATE FARM FIRE AND
CASUALTY COMPANY,

        Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 16)**

       This matter comes before the Court on Defendant State Farm Fire and Casualty Company's ("Defendant") motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56, against Plaintiff Darrel Standberry ("Plaintiff"). For reasons that follow, Defendant's motion is **GRANTED**.

**I.**

       On December 25, 2011, Plaintiff's home was "utterly destroyed" by fire. (Compl., ECF No. 1-2 at Pg. ID 10.) At the time of the fire, Plaintiff's residence was insured against loss by fire under a homeowners policy issued by Defendant, numbered 82-BB-W960-7. (Claim of Loss, ECF No. 1-3 at Pg. ID 19.) Subsequently, Plaintiff submitted to Defendant a "Claim of Loss," in which he claimed $217,069.12 under the policy in damages resulting from the fire. (*Id.*)

1

Thereafter, Defendant conducted an investigation and determined that the fire was intentionally caused. (Def.'s Mot., ECF No. 16 at Pg. ID 167.) Specifically, Defendant determined that the fire was set intentionally in multiple areas within the basement of the residence. (*Id.*; Biondo Aff., ECF No. 16-5 at Pg. ID 225.)

Following this determination, Defendant denied liability for Plaintiff's claim. (*Id.* at Pg. ID 167–68.) On July 24, 2012, Defendant's claim representative, Angela Biondo, contacted Plaintiff via telephone, and informed Plaintiff of Defendant's decision to deny Plaintiff's Claim of Loss. (Biondo Aff., ECF No. 16-5 at Pg. ID 225.)  Also on July 24, 2012, Defendant mailed Plaintiff a written denial letter. (Denial Letter, ECF No. 16-6 at Pg. ID 229.)

Concurrently, Plaintiff filed two Chapter 7 bankruptcy petitions in the United States Bankruptcy Court for the Eastern District of Michigan. The initial filing occurred on June 29, 2012, and was dismissed for failure to file requisite documents. (Bankruptcy Docket Report 1, ECF No. 16-7 at Pg. ID 243–45.)

Plaintiff's second petition was filed on July 24, 2012, which was in fact the date Ms. Biondo informed Plaintiff of Defendant's decision to deny his claim, and the date the denial letter was sent to Plaintiff. (Bankruptcy Docket Report 2, ECF No.16-9 at Pg. ID 231–32.) Under the "Statement of Financial Affairs" section of the petition, in the "Losses" category, Plaintiff was required to "[l]ist all losses from fire, theft, other casualty or gambling within one year immediately preceding

the commencement of [his bankruptcy] case," and was also required to provide the "description and value of property." (Statement of Financial Affairs, ECF No. 16-12, at Pg. ID 267.) In this section of the bankruptcy filings, Plaintiff listed "personal property in the home" by way of "electrical fire," and noted: "Insurer (State Farm) denied claim." (*Id.*) Plaintiff failed to provide a value for the personal property in the home. (*Id.*)

The "Schedule B-Personal Property" section of the petition required Plaintiff to list "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of debtor, and rights of setoff claims." (Bankruptcy Schedules A-J, ECF No. 16-11 at Pg. ID 253.) It is undisputed that Plaintiff did not list the instant action against Defendant. (*Id.*) It is also undisputed that as of the filing of this decision, Plaintiff has not amended his bankruptcy schedules to accurately reflect the existence of this lawsuit.

Ultimately, on October 16, 2012, the bankruptcy court determined that Plaintiff was entitled to a discharge, and granted Plaintiff a discharge pursuant to 11 U.S.C. § 727. (Discharge of Debtor Order, ECF No. 16-15, at Pg. ID 279.) No payments were issued from the bankruptcy estate to any of Plaintiff's creditors. (Def.'s Mot., ECF No. 16 at Pg. ID 170; Bankruptcy Docket Report 2, ECF No.16-9 at Pg. ID 231–37.)

On July 15, 2013, approximately nine months after Plaintiff's debts were discharged, Plaintiff commenced this lawsuit against Defendant. (ECF No.1-2.) Thereafter, on May 15, 2014, Defendant filed its motion for summary judgment. (ECF No. 16.)

## II.

Defendant asserts that under prevailing case law in the Sixth Circuit, the doctrine of judicial estoppel prevents Plaintiff from pursuing his lawsuit against Defendant, due to Plaintiff's failure to advise the bankruptcy court of his potential cause of action against Defendant. (Def.'s Mot., ECF No. 16 at Pg. ID 173.) Alternatively, Defendant argues that at a minimum, Plaintiff's claims for the "dwelling/building" must be dismissed because Plaintiff did not include said claims in the bankruptcy filings. (*Id.* at Pg. ID 181.)

In response to Defendant's judicial estoppel argument, Plaintiff asserts that judicial estoppel does not apply to the instant action because Plaintiff has not gained a tactical or distinct advantage as a result of prior omissions in his bankruptcy petition, and because "any argument as it relates to any indication of motive or concealment of the potential litigation is clearly speculative and remains a question of fact." (Pl.'s Resp. Br., ECF No. 20 at Pg. ID 405–06.)

## III.

4

"Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 475 (6th Cir. 2010) (citing Fed. R. Civ. P. 56(c)(2)). A genuine issue of material fact is present when, "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 475–76 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, (1986)). In deciding whether this burden has been met by the movant, the court views the evidence in the light most favorable to the nonmoving party. *Id.* at 476 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). To survive summary judgment, the plaintiff must present affirmative evidence sufficient to show a genuine issue for trial. *Id.* (citing *Anderson,* 477 U.S. at 249).

## IV.

"Section 521(1) of the Bankruptcy Code requires a debtor to file 'a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs.'" *Lewis v. Weyerhaeuser Co.*, 141 F. App'x 420, 424 (6th Cir. 2005) (quoting 11 U.S.C. § ok,521(1)). It is well-settled that a cause of action is an asset that must be scheduled under § 521(1). *Id.* (citing *Eubanks v. CBSK Financial Group, Inc.*, 385 F.3d 894, 897 (6th Cir. 2004))

5

(further citations omitted).  "[A] debtor is required to disclose all potential causes of action." *Id.* (citation omitted)." Moreover, the duty of disclosure is a continuing one, and when a plaintiff files for bankruptcy and fails to disclose a cause of action or potential claim during the bankruptcy proceeding, he or she will generally be judicially estopped from asserting the claim in a subsequent proceeding. *Id.*; *Kemp v. Thi of Michigan at Detroit LLC*, No. 2:13-CV-11334, 2014 WL 793651, at *3 (E.D. Mich. Feb. 27, 2014).

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001) (citation omitted). In the bankruptcy context, the Sixth Circuit has held that to support a finding of judicial estoppel, the court must find the following: "(1) [the plaintiff] assumed a position that was contrary to the one that [he] asserted under oath in the bankruptcy proceedings; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) [the plaintiff's] omission did not result from mistake or inadvertence." *White*, 617 F.3d at 478. In determining whether a plaintiff's conduct resulted from mistake or inadvertence, a court considers whether: "(1) [the plaintiff] lacked knowledge of the factual basis of the undisclosed claims; (2) [he] had a motive for concealment; and (3) the evidence

6

indicates an absence of bad faith." *Id.* In determining whether there is an absence of bad faith, courts should look to the plaintiff's "attempts to advise the bankruptcy court of [the] omitted claim." *Id.*

## V.

In order to prevail on its motion, Defendant must first show that Plaintiff asserted a position in the case that is contrary to a position he asserted under oath in his bankruptcy proceeding, and demonstrate that the bankruptcy court adopted the contrary position in a preliminary or final disposition. *Id.*

Both of these factors are present in the case at hand. In his bankruptcy filings, Plaintiff checked a box indicating that he had no contingent and unliquidated claims, even though he indicated elsewhere in his petition that he experienced "loss of personal property in the home," and that Defendant denied his claim. (Bankruptcy Schedule B, ECF No. 16-11 at Pg. ID 253; Statement of Financial Affairs, ECF No. 16-12 at Pg. ID 267.)  Dissimilarly, Plaintiff then brought the instant action, asserting that his home and the personal property in the home were destroyed by the fire; he claimed $217,069.12 in damages under his policy; and he asserted that Defendant unjustly denied his Claim of Loss. (Compl., ECF No. 1-2 at Pg. ID 10–12; Claim of Loss, ECF No. 1-2 at Pg. ID 19.) Further, the bankruptcy court adopted Plaintiff's contrary position, that he had no contingent and unliquidated claims, including potential causes of action, and issued

an Order of Discharge in favor of Plaintiff debtor. (Order of Discharge, ECF No. 16-15 at Pg. ID 279.) Accordingly, Defendant successfully demonstrates that Plaintiff asserted a position in this case contrary to the position asserted in Plaintiff's bankruptcy proceeding, and that the bankruptcy court adopted that contrary position

## VI.

Having made the foregoing determinations, the Court must now ascertain whether Plaintiff's conduct resulted from mistake or inadvertence.

After reviewing the undisputed facts, it is this Court's conclusion that Plaintiff had knowledge of his potential cause of action. That Plaintiff indicates that his claim for loss of personal property in the home was denied by Defendant demonstrates that Plaintiff certainly was aware there was a potential cause of action against Defendant. (Statement of Financial Affairs, ECF No. 16-12 at Pg. ID 267.)

Further, that Plaintiff did not disclose the value of the property in the home that was lost in the fire, despite the fact that the Statement of Financial Affairs required him to do so, suggests that Plaintiff did not want to bring attention to the fact that he had a potential cause of action against Defendant. In stark contrast to his disclosures in the bankruptcy filings, Plaintiff, in his complaint, asserts that his "home and personal property therein [were] *utterly destroyed* by fire." (Compl.,

ECF No. 1-2 at 12) (emphasis added.) "If the cause of action becomes part of the [plaintiff's] bankruptcy estate, then the proceeds from it could go towards paying [the plaintiff's] creditors, rather than to simply paying [the plaintiff]." *See generally White*, 617 F.3d at 479 (citations and quotations omitted). With this in mind, it is clear that Plaintiff is devaluing the loss he suffered in the bankruptcy petition, and in doing so, makes readily apparent that he had motive to conceal his potential cause of action. As mentioned previously, under § 521 of the Bankruptcy Code, "a debtor is required to disclose all potential causes of action." *Lewis*, 141 F. App'x at 424.

## VII.

The Court now turns to the question of whether Plaintiff can point to evidence showing an absence of bad faith. A plaintiff "can do this by showing [his] attempts to correct [his] initial omission." *White*, 617 F.3d at 480.

In *Eubanks*, the Sixth Circuit determined that although the plaintiffs had knowledge of the potential lender liability claim during the pendency of the bankruptcy proceeding, and had omitted the potential claim against the defendant in the initial bankruptcy filing, the plaintiffs' "constant affirmative efforts" to inform the trustee and the bankruptcy court of the claim through correspondence, motions, and status conference requests demonstrated that their omission was in

9

good faith and in all likelihood inadvertent. *Eubanks*, 385 F.3d at 896, 897, 899; *Lewis*, 141 F. App'x at 426.

In *Lewis*, in finding that Plaintiff acted intentionally and in bad faith in failing to disclose a potential cause of action, the Sixth Circuit noted that the plaintiff's actions "pale[d] in comparison to the actions taken by the plaintiffs in *Eubanks*." *Id.* at 427. Further, in concluding that the plaintiff acted in bad faith, the court in *Lewis* emphasized as important the fact that "[plaintiff] never sought to amend her bankruptcy schedules, nor did she file a motion or make any other sort of attempt to inform the bankruptcy court of her discrimination action." *Lewis*, 141 F. App'x at 427.

Plaintiff has failed to demonstrate any affirmative actions he has taken to notify the trustee or bankruptcy court of an omitted claim, and he certainly has not manifested any constant efforts to do so. The record demonstrates, and Plaintiff does not dispute that: Plaintiff did not disclose the potential cause of action during the course of the bankruptcy proceedings; he did not disclose his potential cause of action during the 9 months between the bankruptcy court granting him a discharge and the filing of his lawsuit; and as of this date, Plaintiff has yet to amend his bankruptcy schedules, nor made any attempt to inform the trustee or the bankruptcy court of the instant action. (Bankruptcy Docket Report 2, ECF No.16-9

at Pg. ID 231–37.) Again, [t]he duty of disclosure is a continuing one, and a debtor is required to disclose all potential causes of action." *Eubanks*, 385 F.3d at 897.

Plaintiff has failed to take even the smallest steps to correct his misstatement to the bankruptcy court. Rather, Plaintiff asserts, very briefly, that judicial estoppel does not apply to the instant action because Plaintiff has not gained a tactical or distinct advantage as a result of prior omissions in his bankruptcy petition, and that "any argument as it relates to any indication of motive or concealment of the potential litigation is clearly speculative and remains a question of fact." (Pl.'s Resp. Br., ECF No. 20 at Pg. ID 405–06.) The Supreme Court in *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001), identified three considerations that are typically relevant in determining whether judicial estoppel should apply: (1) "a party's later position must be clearly inconsistent with its earlier position"; (2) "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceedings would create the perception that either the first or the second court was misled"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id.* at 750-51 (internal quotes and citations omitted). "These factors, however, *are not inflexible prerequisites* or an exhaustive formula for determining the applicability of judicial estoppel." *Lewis*, 141 F. App'x 420, 425

(6th Cir. 2005) (emphasis added). The Sixth Circuit, focusing on the first two factors identified in *New Hampshire*, has described judicial estoppel as barring a party in situations in which: "(1) [the plaintiff] assumed a position that was contrary to the one that [he] asserted under oath in the bankruptcy proceedings; (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition; and (3) [the plaintiff's] omission did not result from mistake or inadvertence." *White*, 617 F.3d at 478. Accordingly, Plaintiff's argument that judicial estoppel does not apply because "Plaintiff gained no distinct advantage as a result of any prior alleged omission," necessarily fails, due to Sixth Circuit precedent.

Further, Plaintiff's assertion that "any argument as it relates to any indication of motive or concealment of the potential litigation is clearly speculative and remains a question of fact," also fails. As indicated earlier, the undisputed facts establish that Plaintiff had a motive for concealment and that he was not acting in the absence of bad faith.

Accordingly, for the foregoing reasons, the Court finds that the doctrine of judicial estoppel bars Plaintiff's claims against Defendant. It is not necessary, therefore, for the Court to consider the additional grounds for dismissal set forth in Defendant's motion. The Court further determines that its ruling on Defendant's

motion for summary judgment is not dependent upon other motions pending in this case.

Accordingly, Defendant's motion for summary judgment is **GRANTED**. All other motions are rendered **MOOT** by this resolution. An appropriate order shall enter.

**SO ORDERED.**

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: January 27, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 27, 2015, by electronic and/or U.S. First Class mail.

s/ Richard Loury<br>
Case Manager